Paul E. Danielson, Justice, dissenting. I respectfully dissent. The circuit court’s order finding appellant Katie D. Stehle in civil contempt and ordering her conditional incarceration was not clearly against the preponderance of the evidence. See Omni Holding & Dev. Corp. v. 3D.S.A., Inc., 356 Ark. 440, 156 S.W.3d 228 (2004) (Our standard of review for civil contempt is whether the circuit court’s finding is clearly against the preponderance of the evidence.). First, the majority focuses on Stehle’s ability to pay her child-support arrearage, which, at the time of the circuit court’s July 31, 2015 order, totaled $11,909 plus interest. However, the July 31, 2015 order did riot require Stehle to pay the entire arrearage of $11,909; it required only that she make a “proper effort ... to retire the sums previously ordered to be paid.” Thus, her ability to pay the total amount is irrelevant. Second, the circuit court’s orders were sufficiently definite in their terms, clear as to what duties they imposed, and express in their commands. See, e.g., Ivy v. Keith, 351 Ark. 269, 92 S.W.3d 671 (2002). The May 1, 2014 order, wherein the circuit court initially found Stehle to be in contempt, can only be described as definite, clear, and express: it ordered her to pay $37.80 biweekly toward the arrearage and $189 biweekly in current support; if she missed a payment and remained in default for thirty days, she would be immediately incarcerated “until such time as all arrears are satisfied.” The circuit court’s July 31, 2015 order was considerably more lenient, but it too was sufficiently definite. It required only that Stehle make a “proper effort” to retire the arrearage, and it clearly defined what would constitute a “proper effort”: (1) “substantial payment reducing the arrearages”; (2) “a substantial regular payment being established”; (3) “additional employment (such as a summer job given that Defendant is a teacher and has her summers off)”; or (4) “any other action that convinces the Court that the Defendant is taking this obligation seriously.” The fact that the circuit court offered Stehle numerous alternative methods by which she could purge herself of the contempt is evidence of its laudable attempt to work with her, rather than evidence of a lack of clarity. For the above-stated reasons, I would affirm the circuit court’s order. Special Justice Jason B. Kelley joins in this dissent.